UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANDORA JEWELRY, LLC,

    Plaintiff,

v.        Case No.  8:06-cv-845-T-24 MSS

CAPPOLA CAPITAL CORPORATION
d/b/a Unodomani USA, Biagi Jewelry,
and Biagi Florida,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's motion to stay or transfer case. (Doc. No. 66).  Plaintiff opposes the motion.  (Doc. No. 70).

**I.  Background**

On May 4, 2006, Plaintiff filed the instant lawsuit against Defendant for patent infringement.  Specifically, Plaintiff claims that Defendant is infringing on its '507 Patent.  This Court has entered a scheduling order in this case, with expert discovery closing on December 10, 2007, Markman briefs due October 31, 2007, and a trial set for May of 2008.  (Doc. No. 60, 64).

On March 7, 2006, Plaintiff filed a patent infringement case against a different, unrelated defendant in the U.S. District Court, District of Maryland.[1]  The Maryland lawsuit involves the same '507 Patent.  While the Maryland court has already held a Markman hearing and has issued an order on claim construction, a trial date has not been set in that case.

---

[1] Pandora Jewelry, LLC v. Chamilia, LLC, Case No. 1:06-cv-600-CCB

## II. Motion to Stay or Transfer

Defendant moves this Court to stay this case pending a final ruling in the Maryland case. Specifically, Defendant argues that on the basis of judicial economy, this case should be stayed in favor of the Maryland case. Plaintiff opposes the motion, pointing out that a trial date has not been set in the Maryland case, and as such, if this Court stayed this case, it would be for an indefinite period of time. Since this is a patent infringement case, Plaintiff contends that it would be prejudiced by the indefinite stay, because Defendant can continue to engage in the allegedly infringing conduct. Upon consideration, the Court finds that this case should not be stayed.

Alternatively, Defendant moves this Court to transfer this case to the District of Maryland and then to consolidate the two cases. Again, Defendant bases its argument on judicial economy and avoidance of inconsistent results. This Court is not inclined to transfer this case based only on those reasons, especially given the fact that this case may be tried before the Maryland case. Furthermore, even if this Court was inclined to transfer this case, which it is not, this Court does not have the power to consolidate the two cases. As such, the Court denies Defendant's motion to transfer this case.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion to stay or transfer case (Doc. No. 66) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of October, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record