UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PANDORA JEWELRY, LLC,**

    Plaintiff,

v.                                        Case No. 8:06-CV-0845-T-24EAJ

**CAPPOLA CAPITAL CORPORATION,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the court are Plaintiff's **Renewed Motion to Strike Defendant's Affirmative Defenses and Counterclaims** (Dkt. 130) and Defendant's **Response in Opposition** (Dkt. 159).[1]

## Background

On May 4, 2006, Plaintiff, a retailer and designer of fine jewelry, filed a complaint alleging that Defendant had infringed Plaintiff's patent for "necklaces and bracelets with keepers" (Dkt. 1). In its answer, Defendant asserted seven affirmative defenses and counterclaims for 1) tortious interference with a business relationship and 2) conspiracy to conceal (Dkt. 6).

On January 5, 2007, Plaintiff filed a motion to compel responses to interrogatories and a request for production of documents, asserting that Defendant's responses were "evasive and inappropriate" (Dkt. 19). Defendant never filed a response (Dkt. 21). On February 16, 2007, the court granted the motion, directed Defendant to provide amended responses within ten days, and awarded Plaintiff attorneys' fees in connection with its motion to compel (Id.).

On February 27, 2007, Defendant requested relief from the court's order, contending it had

---

[1] Because this is a dispositive motion, the court issues a report and recommendation to the District Judge rather than an order. See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

provided verified discovery responses to Plaintiff that were not considered by the court (Dkt. 53 at 2). Defendant also argued that Plaintiff's discovery requests were overly broad (Id.). On April 11, 2007, after reviewing Plaintiff's discovery requests and Defendant's responses, the court denied Defendant's request for relief and reaffirmed its order compelling complete discovery responses and awarding Plaintiff attorneys' fees (Dkt. 43).

On March 23, 2007 and April 2, 2007, Plaintiff filed two more motions to compel regarding the same interrogatories and request for production of documents (Dkt. 34; Dkt. 35). Plaintiff stated that following the court's previous order, Defendant amended its response to only one interrogatory, while continuing its objections, and provided no responses to seven other interrogatories (Dkt. 34 at 3). Plaintiff further asserted that Defendant furnished only one document in response to thirty requests for production (Id.). On July 20, 2007, the court granted the motions in part, directed Defendant to provided amended and complete responses to "ALL" of Plaintiff's discovery requests within ten days, and instructed Defendant to "read and review the definition sections within the requests and provide responses accordingly" (Dkt. 53).

On October 16, 2007, Plaintiff yet again filed a motion to compel regarding the same interrogatories and request for production of documents (Dkt. 65). Plaintiff complained, inter alia, that Defendant had failed to provide documentation in response to Requests for Production Nos. 22-30, concerning Defendant's affirmative defenses and counterclaims (Dkt. 90 at 5). Defendant responded that it had no documents in its possession responsive to these requests and that any such documents were in the possession of Plaintiff and/or third parties and would become available during discovery (Id.). Nonetheless, the court granted Plaintiff's motion, instructed Defendant to

produce the requested documents[2], and again sanctioned Defendant with Plaintiff's attorneys' fees in connection with the motion (Id.).

On February 8, 2008, Plaintiff filed a motion to strike Defendant's affirmative defenses and counterclaims pursuant to Rule 37(b)(2), Fed. R. Civ. P., for failure to comply with the court's discovery orders (Dkt. 118). On February 19, 2008, without responding to Plaintiff's motion, Defendant notified the court that it had filed a petition for bankruptcy relief (Dkt. 119) and on February 21, 2008, the court administratively closed this case (Dkt. 120).

On November 19, 2008, the court granted Plaintiff's motion to reopen the case (Dkt. 126). On November 20, 2008, Plaintiff renewed its February 8, 2008 motion to strike Defendant's affirmative defenses and counterclaims (Dkt. 130). Because Defendant never filed a response, the court directed Defendant to show cause why the motion should not be granted (Dkt. 155). On January 20, 2009, construing the show cause order as an extension of time, Defendant filed its response (Dkt. 159).

**Standard of Review**

Where a party fails to comply with an order compelling discovery, the court may impose sanctions "as are just" pursuant to Rule 37, Fed. R. Civ. P. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). Such sanctions may include striking pleadings in whole or in part. Rule 37(b)(2)(A)(iii), Fed. R. Civ. P. "District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." Chudasama, 123 F.3d at 1366.

Dismissal of a claim pursuant to Rule 37 "ought to be a last resort - ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders."

---

[2] The court's instructions are explored in detail below.

United States v. Certain Real Property Located at Route 1, 126 F.3d 1314, 1317 (11th Cir. 1997) (citation and internal quotations omitted). Nonetheless, "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Roadway Express, Inc. v. Piper, 447 U.S. 752, 755 (1980) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)).

## **Analysis**

Careful examination of the record reveals that Defendant has engaged in a pattern of non-compliance with the court's discovery orders. Defendant's conduct ultimately resulted in the court's November 20, 2007 order instructing Defendant as follows:

> After a year of delayed discovery, due in large part to Defendant Cappola's failure to provide adequate responses, and with a December 3, 2007, discovery and dispositive motion deadline approaching, Defendant Cappola now contends it has no documentation supporting any of the affirmative defenses or counterclaims asserted in its July 24, 2006, answer.
> Accepting as true Defendant Cappola's assertions that the documents supporting its counterclaims and affirmative defenses would be in the hands of Plaintiff and third parties and would be produced in discovery, they should now be in Defendant Cappola's possession and available to be disclosed. In fact, Defendant Cappola should have had such discovery before asserting the counterclaims and defenses at the outset. Defendant Cappola is, therefore, **DIRECTED** to identify with specificity those documents supporting its counterclaims and affirmative defenses which are already in Plaintiff's possession. Defendant Cappola is to provide a complete list of those documents in Plaintiff's possession to Plaintiff within ten days of this Order, without exception. Likewise, Defendant Cappola must produce any documents now in its possession from third party discovery. Defendant Cappola is **DIRECTED** to provide ALL documentation supporting its counterclaims and affirmative defenses not otherwise in Plaintiff's possession to Plaintiff within ten days of this Order, without exception.

(Dkt. 90 at 6-7). Notably, the court warned Defendant that "[f]ailure to identify and/or produce these documents may result in the dismissal of all unsupported counterclaims and affirmative

4

defenses" (Id. at 7).

In a supplemental response dated November 30, 2007, Defendant addressed Requests for Production Nos. 22-30, concerning Defendant's affirmative defenses and counterclaims, as follows:

> The below answer is the same exact answer we submitted in previous request for production answers for Request for Production Question 22 through 30. Investigation is ongoing and no documents are available to produce at this time. To further expand on the above answer, please note that we currently do not have any documentation in our possession to support Request for Production Questions 22 through 30. The information to support these claims are either public record in the corresponding parallel Maryland Case (which the plaintiff is party to and has access to), verbal communications, or written information not in the Defendants possession at this time. The defendant has recently been diligent in making verbal requests to third parties to organize this data for Summary Judgment proceedings or for Trial. If and when this information becomes available, the defendant will promptly supply the information and/or documents to the Plaintiff.

(Dkt. 118 Ex. 7). After the ten-day deadline set in the court's November 20, 2007 order had passed, Defendant again supplemented its responses (Dkt. 118 Ex. 8). Regarding Requests for Production Nos. 22-28[3], Defendant asserted that

> [a]ll documents relied on by the Defendant . . . are in the possession of the Plaintiff . . . were produced by the Plaintiff or the United States Patent Office. Plaintiff is relying on same to prove its case while the Defendant is relying on same to defend his case.

(Id.).

Defendant was not obligated to produce documents that it did not possess. Nevertheless, the court explicitly instructed Defendant to "identify with specificity those documents supporting its counterclaims and affirmative defenses which are already in Plaintiff's possession" (Dkt. 90 at 7). Defendant's assertion that such documents were "either public record in the corresponding parallel Maryland Case (which the plaintiff is party to and has access to), verbal communications, or written

---

[3] Defendant did not amend its responses to Requests for Production Nos. 29 and 30.

5

information not in the Defendants possession at this time" utterly fails to identify the documents with specificity. Defendant's contention that the documents "were produced by the Plaintiff or the United States Patent Office" is similarly unavailing.

Moreover, Defendant's suggestion that the documents are in the possession of "third parties" is no cure for its non-compliance. The discovery deadline in this case was December 3, 2007 (Dkt. 60). As previously stated by the court, any such documents "should now be in Defendant Cappola's possession and available to be disclosed" (Dkt. 90 at 6).

Finally, Defendant's response to Plaintiff's motion to strike offers no facts excusing its conduct. Although Plaintiff asks that Defendant's affirmative defenses and counterclaims be stricken pursuant to Rule 37 as a sanction for failure to comply with the court's discovery orders (Dkt. 118 at 9), Defendant argues that Plaintiff moves under Rule 12(f), Fed. R. Civ. P. (Dkt. 159 at 2). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A party may move for such relief "before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Rule 12(f), Fed. R. Civ. P.

Defendant submits that Plaintiff's motion is "untimely" because it was not filed until "more than 500 days [after Defendant] filed its answer and counterclaims" (Dkt. 159 at 2). While this might be true were Plaintiff proceeding under Rule 12, there is no mention whatsoever of Rule 12 in Plaintiff's motion to strike. Because Plaintiff seeks sanctions pursuant to Rule 37, this argument is completely without merit and is frivolous.[4]

---

[4] Defendant is reminded that Rule 37 is captioned "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions." Thus, rather than arguing pursuant to Rule 12, Defendant should be explaining its failure to cooperate in discovery.

Defendant next argues that it never withheld information and "answered [Plaintiff's] discovery requests to the fullest based on the information [Defendant] had at the time" (Id. at 3). Defendant also submits that it is "currently in compliance with all court orders related to discovery requests" (Id.). However, as noted above, Defendant has indeed failed to comply with the court's November 20, 2007 order.

Finally, Defendant contends that at trial it will support its affirmative defenses and counterclaims with "oral testimony," "discovery," "[d]ocumentation on file with the United States Patent and Trademark Office," and "[a]ny and all evidentiary information in this case" (Id. at 3). Whether or not this is true, Defendant has still not explained its violation of the court's November 20, 2007 discovery order. Defendant's vague assertion that it will provide evidence in support of its affirmative defenses and counterclaims at trial does not excuse its discovery obligations or justify its disregard of the court's unambiguous instructions. Indeed, the purpose of the discovery rules is to avoid being "ambushed" at trial by the opposing party's evidence.

In failing to identify specific documents in support of its affirmative defenses or counterclaims, Defendant violated the unambiguous terms of the court's November 20, 2007 order. Defendant's disregard for at least three discovery orders has been nothing short of willful. Moreover, two attorneys' fees sanctions have been insufficient to deter its non-compliance. Defendant was specifically warned that failure to identify and/or produce documents could result in dismissal of all unsupported counterclaims and affirmative defenses (Dkt. 90 at 7). Accordingly, striking Defendant's affirmative defenses and counterclaims is warranted and will serve as a deterrent to those contemplating similar behavior. See Roadway Express, 447 U.S. at 764 (holding failure to comply with court's order to answer interrogatories was "immediate grounds for

dismissing the case"); see e.g. Am. Moisture Control, Inc. v. Dynamic Bldg. Restoration, LLC, No. 6:06-CV-1908-ORL-28KRS, 2008 WL 1987374, at *2 (M.D. Fla. May 7, 2008) (striking defendant's answer pursuant to Rule 37(b)(2)(A)(iii), Fed. R. Civ. P., for failure to comply with two discovery orders).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's affirmative defenses and counterclaims be **STRICKEN** pursuant to Rule 37(b), Fed. R. Civ. P., for failure to comply with the court's discovery orders and Plaintiff's discovery requests.

**Date: March 2, 2009**

*/s/ Elizabeth S. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record

District Judge