UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANDORA JEWELRY, LLC,

    Plaintiff,

v.    Case No. 8:06-cv-845-T-24 EAJ

CAPPOLA CAPITAL CORPORATION
d/b/a Unodomani USA, Biagi Jewelry,
and Biagi Florida,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the Defendant's Motion for Rehearing, Reconsideration, and Clarification of this Court's Summary Judgment Order. (Doc. No. 201). This Court issued the summary judgment order at issue on May 6, 2009 (Doc. No. 198) after holding a hearing on April 27, 2009 on the summary judgment motions filed by the parties. As explained below, the instant motion is denied to the extent that Defendant requests rehearing and reconsideration, and the motion is granted to the extent that the Court clarifies its summary judgment order by identifying the claims of the 507 patent that Defendant's jewelry literally infringes.

**I. Standard of Review**

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted).

## II. Background

Plaintiff Pandora Jewelry, LLC ("Pandora") is a designer and retailer of fine jewelry, and it has a patent on an invention consisting of necklaces and bracelets with keepers and bands that keep ornaments from bunching ("507 patent"). On May 4, 2006, Plaintiff filed the instant suit against Defendant, claiming that Defendant infringed the 507 patent. The Court held a <u>Markman</u> hearing on January 30, 2008, and it issued an order construing the claims on February 4, 2008. (Doc. No. 117). Thereafter, the parties filed cross-motions for summary judgment on the issues of: (1) whether any of Defendant's products literally infringe the 507 patent; and (2) whether any of Defendant's products infringe Pandora's provisional rights. In ruling on the summary judgment motion, this Court found that Defendant's Type A, Type B, and Type C jewelry literally infringe the 507 patent, but the Court also found that Pandora cannot assert a claim for a violation of its provisional rights. (Doc. No. 198).

## III. Motion for Rehearing, Reconsideration, and Clarification

In the instant motion, Defendant makes several arguments for rehearing and reconsideration. Almost all of these arguments have already been addressed and rejected by the Court. Upon review, the Court finds that Defendant's request for rehearing and reconsideration should be denied, and the Court will only address one of Defendant's arguments on this issue. Furthermore, Defendant requests clarification as to the specific claims of the 507 patent that its jewelry has literally infringed, and the Court will clarify its infringement findings.

### A. Rehearing and Reconsideration

Defendant makes many arguments for rehearing and reconsideration, but upon review, none of the arguments have any merit and the Court need only specifically address one in this

Order. Defendant argues that summary judgment was inappropriate because it was based, in part, on the admission of an ornament that Defendant's counsel mistakenly conceded to at the hearing. This argument has no merit, because defense counsel was specifically questioned regarding this ornament at the hearing, in which the following exchange occurred:

> THE COURT: Then you don't have any objection to the argument that there are beads, or ornaments, I – I can see them up –
>
> MR. LOWY: Yeah, no objection to the argument that they are ornaments, no.
>
> THE COURT: That pass freely over the bands –
>
> MR. LOWY: That's correct.

(Doc. No. 193, p. 44 of 72). Furthermore, to the extent that Defendant argues that it was unfair to allow the admission of the ornament at the hearing, given the fact that the Court admonished Defendant for filing additional materials shortly prior to the hearing, the Court notes that the Court only disallowed Defendant's representative from presenting argument at the hearing (Doc. No. 192); the Court did not strike the additional materials that Defendant filed with the Court (Doc. No. 189, 190).

### B. Clarification

Defendant also seeks clarification regarding which of the twenty-eight claims cited in the 507 patent was literally infringed by Defendant's Type A, Type B, and Type C jewelry. The Court now clarifies that Defendant's Type A jewelry literally infringes independent claims 1, 13, and 16, as well as dependent claims 2, 3, 5-9, 12, 14, 15, 17-21, and 24. Furthermore, Defendant's Type B and Type C jewelry literally infringes independent claims 1, 13, and 16, as well as dependent claims 2, 3, 12, 14, 17, and 18. The Court notes that Pandora previously submitted a chart in which it compares every claim listed above with Defendant's Type A, Type

B, and Type C jewelry, showing that every claim limitation identified above reads on the accused devices. (Doc. No. 143, Appx. B).

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Rehearing, Reconsideration, and Clarification of this Court's Summary Judgment Order (Doc. No. 201) is **GRANTED** to the extent that the Court has clarified its infringement findings (as explained above); otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of May, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record