UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANDORA JEWELRY, LLC,

    Plaintiff,

v.                                   Case No. 8:06-cv-845-T-24 MSS

CAPPOLA CAPITAL CORPORATION
d/b/a Unodomani USA, Biagi Jewelry,
and Biagi Florida,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's Motion in Limine to Exclude Evidence Regarding Provisional Damages.[1] (Doc. No. 224). Plaintiff opposes the motion. (Doc. No. 241).

In this motion, Defendant requests that the Court prohibit Plaintiff from introducing any evidence relating to provisional damages, since the Court granted summary judgment in favor of Defendant on that issue.[2] Specifically, Defendant seeks to preclude evidence of notifications of its alleged infringement and notifications of the published patent application.

Plaintiff opposes the motion, arguing that evidence of Defendant's notice of the 507

---

[1]Defendant fails to cite any legal authority in the instant motion, and as such, the motion violates Local Rule 3.01(a). In the future, such a defect may result in the Court striking the document for failing to comply with the Court's Local Rules.

[2]The Court granted Defendant summary judgment on the issue of provisional damages, because the Court found that Plaintiff could not show that the claims at issue in the 507 Patent, as issued, are substantially identical to the claim at issue in the published patent application. (Doc. No. 198).

Patent is relevant to the issue of willfulness of the alleged infringement. The Federal Circuit explained what must be shown in order to establish willfulness:

> [P]roof of willful infringement . . . requires at least a showing of objective recklessness[, and] . . . we abandon the [requirement of an] affirmative duty of due care . . . .
>
>                      *      *      *
>
> Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

In re Seagate Technology, LLC, 497 F.3d 1360, 1371(Fed. Cir. 2007)(internal citation omitted). Furthermore, "the totality of the circumstances must be taken into account when determining whether infringement was willful." See Trading Technologies Int'l, Inc. v. eSpeed, Inc., 2008 U.S. Dist. LEXIS 295, at *4 (N.D. Ill. Jan. 3, 2008)

       The Court agrees that notice of the 507 Patent, once it was issued, and notice to Defendant of its alleged infringement of the issued 507 Patent, is certainly relevant to the issue of willfulness. However, the Court disagrees with Plaintiff's contention that Defendant's notice of the patent application is relevant to the issue of willfulness. See State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1985)(stating that to willfully infringe, the defendant must have knowledge of the patent, and a "patent pending" notice is insufficient to give such notice; also pointing out that filing a patent application does not guarantee that a patent will issue or that the scope of the claims will remain the same); eSpeed, 2008 U.S. Dist. LEXIS 295, at *4 (stating that knowledge of a patent application is not enough to show willfulness and that the focus of a willfulness inquiry is generally on post-patent issuance conduct).

2

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion in Limine to Exclude Evidence Regarding Provisional Damages (Doc. No. 224) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED**, except that Plaintiff may introduce evidence of Defendant's knowledge of the issuance of the 507 Patent and any notice to Defendant of its alleged infringement of the issued 507 Patent.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of July, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record