UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PANDORA JEWELRY, LLC,

        Plaintiff,

v.                                 Case No.  8:06-cv-845-T-24 MSS

CAPPOLA CAPITAL CORPORATION
d/b/a Unodomani USA, Biagi Jewelry,
and Biagi Florida,

        Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court on Defendant's Motion in Limine to Exclude

Evidence of its Bankruptcy.  (Doc. No. 223).  Plaintiff opposes the motion.  (Doc. No. 239).

In this motion, Defendant requests that the Court prohibit Plaintiff from making any

references to its bankruptcy filings during this case, because it would be unfairly prejudicial.

Plaintiff opposes the motion, arguing that such conduct goes it the issues of exceptional

circumstances (the basis for awarding attorneys' fees) and willfulness.

The Court agrees that such conduct is relevant to the issue of attorneys' fees.

See Sesonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996)(stating that

"[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney fees"

in a patent case); Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed.

Cir. 1989)(stating that an award of attorneys' fees in a patent case can be based on misconduct

during litigation); FMT Corp., Inc. v. Nissei ASB Co., 1993 WL 588529, at *2, 3 (N.D. Ga. Oct.

5, 1993)(stating that an award of attorneys' fees in a patent case can be based on misconduct

during the course of trial proceedings). However, the issue of attorneys' fees is for the Court, not the jury, so the Court will prevent Plaintiff from making any references to Defendant's bankruptcy filings in front of the jury.

With regards to Plaintiff's argument that Defendant's bankruptcy filings go to the issue of willfulness, the Court disagrees. In support of its argument, Plaintiff cites Applera Corp. v. MJ Research Inc., 372 F. Supp.2d 233, 240 (D. Conn. 2005). While the court in Applera did consider the defendant's bankruptcy filing, the court did so in connection with its determination as to whether to award enhanced damages under 35 U.S.C. § 284[1], not in connection with a determination as to whether the defendant acted willfully. Further, the issue of enhanced damages is for the Court, not the jury, so the Court will prevent Plaintiff from making any references to Defendant's bankruptcy filings in front of the jury.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion in Limine to Exclude Evidence of its Bankruptcy (Doc. No. 223) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that Plaintiff may not make any references to Defendant's bankruptcy filings in front of the jury; otherwise, the motion is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 10th day of July, 2009.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1]Section 284 provides, in relevant part, that a court may increase the damages up to three times the amount found or assessed.