UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANDORA JEWELRY, LLC,

      Plaintiff,

v.                                        Case No. 8:06-cv-845-T-24 MSS

CAPPOLA CAPITAL CORPORATION
d/b/a Unodomani USA, Biagi Jewelry,
and Biagi Florida,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion in Limine to Exclude Evidence of Lost Profits. (Doc. No. 225). Plaintiff opposes the motion. (Doc. No. 240).

In this motion, Defendant requests that the Court prohibit Plaintiff from presenting any evidence regarding Plaintiff's lost profits, because: (1) Plaintiff did not previously disclose that it was seeking lost profits; (2) Plaintiff failed to disclose its computation of lost profits, as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii);[1] and (3) Plaintiff's expert's report did not address lost profits. Therefore, Defendant argues, it would be unfairly prejudiced by the admission of such evidence.

Plaintiff responds that sanctions are not warranted under Federal Rule of Civil Procedure 37(c), because its failure to disclose such information was substantially justified and/or is

---

[1] Rule 26(a)(1)(A)(iii) requires claimants to provide a computation of each category of damages claimed and to make available the material upon which the computation is based, unless such material is privileged or protected from disclosure.

harmless.² Specifically, Plaintiff argues that it has always indicated to Defendant that it was seeking lost profits, Plaintiff's expert will not be testifying as to lost profits, and the responsibility for Plaintiff's failure to disclose such information lies with Defendant due to Defendant's repeated failures to conduct adequate discovery in this case. Plaintiff's arguments are well-taken.

Plaintiff correctly points out that it indicated that it was seeking lost profits in its complaint (Doc. No. 1, p. 5), in its answer to Defendant's Interrogatory Question #17 (Doc. No. 234, Ex. B), and in the pretrial statement (Doc. No. 203, p. 22-25). Thus, the fact that Plaintiff is seeking lost profits cannot be a surprise to Defendant.

Likewise, Plaintiff correctly points out that Defendant utterly failed to cooperate during the discovery process. Plaintiff filed three motions to compel regarding its requests for Defendant's financial information, all of which this Court found meritorious. (Doc. No. 19, 21, 34, 53, 65, 90, 106). Furthermore, when Defendant sought Plaintiff's confidential financial information, Plaintiff responded that it would disclose such information after they entered into a confidentiality agreement, but Defendant did not follow up. (Doc. No. 234, Ex. F).

Finally, Plaintiff states that it is not going to have its expert testify as to lost profits. Instead, Plaintiff points out that it is permitted to prove its lost profits without expert testimony.³

Accordingly, the Court finds that Plaintiff's failure to disclose was substantially justified

---

²Rule 37(c) provides that if a party fails to provide information required under Rule 26(a), the party is not allowed to use that information as evidence at trial, unless the failure to disclose was substantially justified or is harmless.

³A court may, but is not required to, receive expert testimony on the issue of damages, pursuant to 35 U.S.C. § 284. See Bowling v. Hasbro, 2008 WL 717741, at *2 (D. R.I. Mar. 17, 2008).

and/or is harmless, and Defendant will not be unfairly prejudiced by the admission of evidence of Plaintiff's lost profits at trial. Therefore, it is ORDERED AND ADJUDGED that Defendant's Motion in Limine to Exclude Evidence of Lost Profits (Doc. No. 225) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 13th day of July, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record