UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANDORA JEWELRY, LLC,

   Plaintiff,

v.                    Case No. 8:06-cv-845-T-24 MSS

CAPPOLA CAPITAL CORPORATION
d/b/a Unodomani USA, Biagi Jewelry,
and Biagi Florida,

   Defendant.
_____/

# ORDER

  This cause comes before the Court on Plaintiff's Motion in Limine to Exclude Exhibits and Related Evidence. (Doc. No. 226). Defendant opposes the motion. (Doc. No. 231).

  In this motion, Plaintiff seeks to exclude three categories of evidence: (1) Defendant's jewelry specimens and related materials, (2) evidence from the Maryland litigation, and (3) evidence relating to Paul Cappola's personal life at the time of the infringement. Accordingly, the Court will analyze each category of evidence.

  Plaintiff argues that the Court should exclude Defendant's jewelry specimens and related materials, arguing that such evidence is irrelevant to the issue of damages, should be excluded because Defendant failed to disclose such evidence during discovery, is unfairly prejudicial because Defendant failed to disclose such evidence during discovery, and is cumulative. Defendant responds that such evidence is relevant to the issue of damages and did not exist during discovery. Upon consideration, the Court finds that it needs more information about the specific evidence that Plaintiff is seeking to exclude, and as such, Plaintiff should raise specific objections at trial, at which time the Court can make an informed ruling. As such, the Court

denies the motion as to this evidence without prejudice, and Plaintiff can raise its objections at trial.

Next, Plaintiff argues that the Court should exclude all evidence that is related to the Maryland litigation. In the Maryland litigation, Plaintiff filed suit against another company, Chamilia, that was allegedly infringing the 507 patent (the same patent at issue in this case). Plaintiff argues that the parties settled in the Maryland litigation, and the Maryland court vacated its summary judgment order, and therefore, evidence from the Maryland litigation is irrelevant to this case.

Defendant responds that its reliance on the Maryland court's rulings is relevant to the issue of whether its actions were willful. In support of this argument, Defendant cites <u>Abbot Laboratories v. Sandoz, Inc.</u>, 532 F. Supp.2d 996, 999 (N.D. Ill. 2007), in which the court considered, in connection with its willfulness analysis, the fact that the infringer acted in reliance on a decision of the Federal Circuit regarding the same patent as the one the infringer infringed. The <u>Abbot</u> court stated that the fact that the infringer relied on an appellate decision finding that there were substantial questions regarding whether the claims in the patent were valid, supported the infringer's argument that "there was a reasonable basis for him to believe his actions were legitimate." <u>Id.</u> at 999, 1000.

Defendant argues that <u>Abbot</u> is instructive in this case. In the Maryland litigation, the court construed the term, "band," in the 507 patent as an element permanently attached to the strand. Likewise, the Maryland court found that the threaded endcap in Chamilia's jewelry was not a band, as defined by the 507 patent, and as such, it did not infringe the 507 patent. Accordingly, Defendant argues that its reliance on the Maryland court's rulings is relevant to the

issue of whether it willfully infringed the 507 patent.

While Defendant's argument has some merit, Defendant's alleged reliance is not a complete defense, because this Court came to different conclusions than the Maryland court. Specifically, this Court found that under the 507 patent, a band could be, but is not required to be, permanently attached to the strand. Additionally, this Court found that the threaded endcap of Defendant's Type B and Type C jewelry was a band, which meant that Defendant's Type B and C jewelry infringed the 507 patent.

Therefore, based on <u>Abbot</u>, Defendant's alleged reliance on the Maryland court's rulings is relevant to the issue of willfulness, but only to a limited extent. This Court finds that to the extent that Defendant allegedly relied on the Maryland court's September 27, 2007 claim construction order when re-designing its jewelry in an attempt to create a non-infringing product, such reliance is relevant, but the relevance is limited in two ways: First, any reliance on the Maryland court's claim construction order cannot be deemed reasonable after this Court issued its claim construction order on February 4, 2008, in which this Court found that the 507 patent did not require permanently attached bands. Second, any reliance on the Maryland court's claim construction order does not obviate the fact that Defendant's Type B and C jewelry infringed the 507 patent due to such jewelry containing a permanently attached endcap.

Likewise, this Court agrees that if Defendant sold its Type B and C jewelry in reliance on the Maryland court's August 8, 2008 ruling that Chamilia's threaded endcap was not a band, then such reliance would be relevant to the issue of willfulness. However, any reliance on that ruling cannot be deemed reasonable after May 6, 2009, when this Court determined that Defendant's threaded endcap did, in fact, infringe the 507 patent.

Thus, to the extent that Defendant relied on the Maryland court's September 27, 2007 ruling–that under the 507 patent, a band had to be permanently attached–and the Maryland court's August 8, 2008 ruling–that Chamilia's threaded endcap at the end of the strand was not a band, as defined in the 507 patent–Defendant may present oral testimony and argument regarding its reliance, because its alleged reliance is relevant to the issue of willfulness. However, this Court will not receive any of the Maryland court's filings into evidence.

Next, Plaintiff argues that evidence relating to Paul Cappola's personal life should be excluded, because it is irrelevant to the issues in this case. This Court agrees, and as such, the Court grants Plaintiff's motion on this issue.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Exhibits and Related Evidence (Doc. No. 226) is **GRANTED IN PART AND DENIED IN PART**:

(1) The motion is **GRANTED** to the extent that Plaintiff seeks to exclude evidence relating to the personal life of Paul Cappola and to the extent that Defendant seeks to introduce court documents from the Maryland litigation.

(2) The motion is **DENIED** to the extent that Defendant may present oral testimony and argument regarding its alleged reliance on the Maryland court's September 27, 2007 ruling–that under the 507 patent, a band had to be permanently attached–and the Maryland court's August 8, 2008 ruling–that the threaded endcap at the end of the strand was not a band, as defined in the 507 patent.

(3) The motion is **DENIED WITHOUT PREJUDICE** to the extent that Plaintiff seeks to exclude Defendant's jewelry specimens and related materials.

DONE AND ORDERED at Tampa, Florida, this 14th day of July, 2009.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record