UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANDORA JEWELRY, LLC,

    Plaintiff,

v.    Case No. 8:06-cv-845-T-24 MSS

CAPPOLA CAPITAL CORPORATION
d/b/a Unodomani USA, Biagi Jewelry,
and Biagi Florida,

    Defendant.
_____/

# ORDER

This cause comes before the Court on Plaintiff's Motion in Limine to Exclude Cappola's Experts. (Doc. No. 228). Defendant opposes the motion. (Doc. No. 232).

In this motion, Plaintiff seeks to exclude Defendant's three expert witnesses. Accordingly, the Court will address each expert.

Plaintiff argues that the Court should exclude Jay Taylor and W. Stephen McConnell from testifying, because they were not timely disclosed as experts. The expert disclosure deadline in this case was October 31, 2007. (Doc. No. 64). Defendant disclosed Taylor as an expert in the pretrial statement, which was filed on June 2, 2009. (Doc. No. 203). Defendant disclosed McConnell on June 19, 2009. Clearly, these expert disclosures are untimely, and allowing them to testify would be unfairly prejudicial to Plaintiff. Furthermore, Defendant failed to disclose their expert opinions, causing further prejudice Plaintiff if they were allowed to testify. Accordingly, the Court grants Plaintiff's motion to exclude these two experts from testifying.

Plaintiff also argues that the Court should exclude Joseph Dawson from testifying, as he

was disclosed as an expert regarding claim construction and infringement of the 507 patent, and those issues have already been decided by this Court. Furthermore, Plaintiff points out that it did not have an opportunity to depose Dawson. Defendant responds that Dawson provided guidance to Defendant when Defendant re-designed its products in an attempt to avoid infringing the 507 patent, and as such, Dawson's testimony will relate to the issue of whether Defendant had a reasonable basis to believe that its re-designed products infringed the 507 patent.

Dawson submitted two expert reports, and he opines in these reports that the 507 patent teaches of a band that it *permanently* attached to a strand. (Doc. No. 147, Ex. G & H). The Court finds that Defendant's alleged reliance on Dawson's opinion regarding the permanence of the band on the strand is relevant to the issue of whether Defendant willfully infringed the 507 patent when Defendant attempted to re-design its jewelry. However, since the permanence opinion is the only opinion disclosed by Dawson in his expert reports that is relevant to the remaining issues in this case, Dawson's testimony is limited to that narrow issue.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Cappola's Experts (Doc. No. 228) is **GRANTED IN PART AND DENIED IN PART**: The motion is **DENIED** to the extent that Dawson may testify regarding his opinion that the 507 patent taught of bands permanently attached to the strand. The motion is **GRANTED** to the extent that Dawson may not testify regarding any other opinions, and the Court excludes Taylor and McConnell from testifying.

DONE AND ORDERED at Tampa, Florida, this 14th day of July, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record